## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



FILED

SEP 1 9 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Nathaniel Coleman, )
 )
 Plaintiff, )
 )
 v. ) Civil Action No.   19-2187 (UNA)
 )
Donald Trump *et al.*, )
 )
 Defendants. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's

application for leave to proceed *in forma pauperis*.  The Court will grant the *in forma pauperis*

application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal

of a prisoner's action upon a determination that the complaint fails to state a claim upon which

relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiff is a prisoner incarcerated at the

Federal Correctional Institution in White Deer, Pennsylvania.  He has sued President Donald

Trump, Attorney General William Barr, and several other federal officials under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff claims that the defendants "are legally

responsible for withholding documents necessary for any criminal defense."  Compl. at 2.  But

the FOIA "only authorizes suits against certain executive branch 'agencies,' not individuals."

1

*Flaherty v. IRS*, 468 Fed. App'x 8, 9 (D.C. Cir. 2012) (citing 5 U.S.C. § 552(f)(1); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)).

Apart from naming the wrong defendants, plaintiff does not allege that an agency has improperly withheld records responsive to a properly submitted FOIA request. *See McGehee v. CIA.*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (FOIA jurisdiction "is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (citation and internal quotation marks omitted)); *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)). Rather, plaintiff alleges that he requested documents from a federal court, *see* Compl. at 2, and he has attached to the complaint (1) a letter from the United States District Court for the Eastern District of Pennsylvania responding to his request for court documents, and (2) a FOIA/PA Request form confirming that he requested documents from the District Court only. But the FOIA "adopts the definition of agency contained in 5 U.S.C. § 551 (a)(1)(b), which specifically excludes from its coverage 'the courts of the United States.' " *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (citing 5 U.S.C. § 552(f)). Consequently, the Court finds that plaintiff has stated no viable claim under the FOIA. A separate order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: September 18, 2019

2